*709 OPINION.
Littleton :
We think the claim of the petitioner that the item of $4,200 was a proper deduction as compensation for services rendered is correct. Two of petitioner’s officers and directors testified fully concerning this item and we are satisfied from this evidence that the amount was allowed and paid as additional compensation for services and was a proper deduction as an ordinary and necessary business expense. The language of the resolution authorizing the additional compensation, that the same should “ form no part of any present or future salary and distribution which may be voted and paid ” was intended to prevent the establishment of a precedent in the matter of paying bonuses or additional compensation to employees. The Commissioner erred in holding that the amount dn question was a gift.
*710 The Board can not agree with petitioner’s claim that one-hall of the amount expended in practically reconstructing the house located upon the land purchased in 1919 was deductible as an ordinary and necessary expense for the taxable year. The house was rented at the time petitioner purchased it and petitioner continued to rent it after the improvements had been made. So much new material was purchased and used and so many additions and improvements were made to the old house, other than in the construction of the new brick addition thereto, -that it appears evident that the greater portion of the total cost represented an “ amount paid out for new buildings or for permanent improAuiments or betterments made to increase the value of any property or estate.” Section 235 of the Revenue Act of 1918. We have insufficient evidence to show the cost of the new addition of four rooms to the old house and the evidence submitted is insufficient to enable the Board to make an intelligent allocation of the remaining expenditures on the old house and the grounds as between repairs, and permanent improvements and bet-terments. Much of the work, consisting of replacements and renewals, had a life of several years and the cost thereof should be returned to petitioner through the annual allowance for exhaustion, wear and tear. The Board does not feel justified from the meager evidence in hazarding a guess as to what portion, if any, of the total amount claimed might be classified as an ordinary and necessary business expense. We, therefore, affirm the Commissioner in this regard.

Judgment will he entered on 15 days1 notice, under Rule 50.

Considered by Smith and Love.